## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Tammy Smith, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. _____ |
| v. | : | |
| | : | Judge _____ |
| Menard, Inc., *et al.,* | : | |
| | : | Magistrate Judge _____ |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendant Menard, Inc. hereby files this Notice of Removal, pursuant to 28 U.S.C. § 1441, with the United States District Court for the Southern District of Ohio, Western Division. As grounds for removal, Defendant states as follows:

1.     This case was commenced and is now pending in the Common Pleas Court of Fairfield County, Ohio, designated as Case No. 19CV027 on the docket, a true and accurate copy of which is attached hereto as Exhibit A.

2.     The Complaint was filed on January 14, 2019. Defendant Menard, Inc. was served on January 7, 2019 and January 18, 2019. On January 30, 2019, Menard, Inc. filed its Answer to the Complaint, a true and accurate copy of which is attached as Exhibit B.

3.     At the time of Plaintiff's commencement of this action, Plaintiff was a citizen of the State of Ohio.

4.     Menard, Inc. is a foreign corporation organized and existing under the laws of the State of Wisconsin. It was, at the time of commencement of this action, and still is, a non-citizen, having its principal place of business in the State of Wisconsin.

5.     The presence of John Doe Defendants does not impede removal because "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.S. 1441(b)(1); *see Shaffer v. Davita Sw. Ohio Dialysis*, S.D.Ohio No. 3:13-cv-232, 2013 U.S. Dist. LEXIS 136696, at *2 (Sep. 24, 2013), fn. 2.

6.     Thus, as between Plaintiff and the identified Defendants, the controversy is wholly between citizens of different states.

7.     The United States District Court, pursuant to the provisions of 28 U.S.C. § 1332, has jurisdiction over this action because there is complete diversity, and, upon information and belief, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     The United States Supreme Court has determined that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).    While "[t]he amount claimed by the plaintiff usually controls . . . the defendant can remove the case under 28 U.S.C. § 1441(a) if it is shown that the amount in controversy is "more likely than not" above $75,000." *Hampton v. Safeco Ins. Co.*, 614 F.App'x 321, 323 (6th Cir.2015). This is because "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C.S. 1446.    This is such a case because Plaintiff's punitive damage claim, alone, is $100,000.00.

9. This Notice is filed pursuant to 28 U.S.C. § 1441 within the time limits prescribed by 28 U.S.C. § 1446(b).

2

10. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Menard, Inc. provides notice that this action is removed to the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that the Common Pleas Court of Fairfield County, Ohio, shall proceed no further unless this case is remanded.

Respectfully submitted,

/s/ Patrick Kasson
Patrick Kasson, Esq. (0055570)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX: (614) 232-2410
pkasson@reminger.com

Counsel for Defendant Menard, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via the Court's ECF System to all counsel of record and/or electronic mail this 30th day of January 2019 to all counsel of record.

/s/ Patrick Kasson
Patrick Kasson, Esq. (0055570)

IN THE COURT OF COMMON PLEAS OF FAIRFIELD COUNTY, OHIO

TAMMY A. SMITH
7866 Marietta Road Southeast
Bremen, OH 43107

    Plaintiff,

    v.

MENARD, INC.
STATUTORY AGENT: CORPORATION
SERVICE COMPANY
50 West Broad Street, Suite 1330
Columbus, OH 43215

    and

1425 Ety Pointe Drive
Lancaster, OH 43130

    and

4777 Menard Drive
Eau Claire, WI 54703

    and

JOHN DOES NUMBERS 1 THROUGH 2
INDIVIDUALS,
NAMES UNKNOWN
ADDRESSES UNKNOWN

    and

JOHN DOES NUMBERS 3 THROUGH 6
CORPORATIONS OR OTHER
BUSINESS ENTITIES,
NAMES UNKNOWN
ADDRESSES UNKNOWN

    Defendants.

CASE NO.  19 CV  027

JUDGE:  JUDGE TRIMMER

COMPLAINT

(JURY DEMAND ENDORSED
HEREON)

Personal Injury

EXHIBIT
A

## COMPLAINT

1.    At all times relevant hereto, Plaintiff, Tammy A. Smith (hereinafter referred to as "Tammy"), was an invitee and customer at Defendant, Menard, Inc.'s (hereinafter referred to as "Mendards"), store known as Menards located at 1425 Ety Pointe Drive in the city of Lancaster, Fairfield County, Ohio.

2.    At all times relevant hereto, Defendant, Menards, conducted business in Fairfield County, Ohio and was the owner and operator of the store known as and doing business as "Menards" which was located at 1425 Ety Pointe Drive in the city of Lancaster, Fairfield County, Ohio.

3.    At all times relevant hereto, Defendant, Menards, has an interest relating to the subject of this action as an owner, principal or agent.

4.    This case is properly venued in Fairfield County, Ohio because Defendant, Menards, principal place of business is located in the city of Lancaster, Fairfield County, Ohio and Defendant, Menards, is conducting and has regularly conducted business in Fairfield County, Ohio.

5.    On or about February 9, 2017, Plaintiff, Tammy, was an invitee at Defendant, Menards, store located at 1425 Ety Pointe Drive, in the city of Lancaster, Fairfield County, Ohio.

6.    Defendants, John Does #1 through #2 are individuals.

7.    Defendants, John Does #3 through #6 are partnerships, corporations or other business entities organized and existing under the laws of the State of Ohio or some other state of the United States of America, or some foreign jurisdiction, and said Defendants are conducting and have regularly conducted business in the State of Ohio.

2

8.     The true names and capacities (whether individual, partnership, corporation, other business entities, or otherwise) of Defendants, John Does #1 through #6, could not be discovered by Plaintiff at this time and Plaintiff has accordingly sued these unknown Defendants under these fictitious names.

9.     When the true names of said John Doe Defendants have been ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

10.     Plaintiff believes that Defendants, John Does #1 through #6, may be legally responsible for the events and occurrences that are described in this Complaint and that said Defendants, John Does #1 through #6, proximately caused injuries and damages to Plaintiff, Tammy, as set forth herein.

## CLAIM I – NEGLIGENCE – DEFENDANTS, MENARD, INC. AND JOHN DOE #3

11.     Plaintiff hereby incorporates each and every allegation contained in paragraphs one (1) through ten (10) as if fully rewritten herein.

12.     On or about February 9, 2017, Plaintiff, Tammy, was an invitee and customer at Defendants, Menards and John Doe #3, store located at 1425 Ety Pointe Drive, Lancaster, Ohio 43130, owned and operated by Defendants, Menards and/or John Doe #3.

13.     At all times relevant hereto, Defendants, Menards and/or John Doe #3, had various policies, guidelines and procedures for Defendants, Menards and John Doe #3, store located at 1425 Ety Pointe Drive, Lancaster, Ohio 43130, including but not limited to invitee and customer safety, upkeep, and general store maintenance to ensure that Defendant, Menards and John Doe #3, provided its invitees and customers with a reasonable safe environment. At all times relevant hereto, Defendants, Menards and John Doe #3, violated these policies, guidelines and procedures regarding invitee and customer safety, upkeep and general store maintenance.

3

14.     At all times relevant hereto, Defendants, Menards and John Doe #3, had the exclusive control of these policies, guidelines and procedures for the Defendants store located at 1425 Ety Pointe Drive in Lancaster, Ohio regarding invitee and customer safety, upkeep, and general store maintenance.

15.     On or about February 9, 2017, Plaintiff, Tammy, purchased three 36' x 80', pre-hung entry doors that weighed at least eighty pounds each. Plaintiff, Tammy, picked up the doors at the loading dock where Defendants, Menards and John Doe #3's, employee loaded the doors into her vehicle. The last door was placed onto a motorized lift in a standing position but was not buckled, fastened, strapped, or secured onto the lift that caused the entry door to fall and hit the back of Plaintiff, Tammy's, head, landing hard on her head and back.

16.     At all times relevant hereto, the incident on February 9, 2017, involving Plaintiff, Tammy, was caused by Defendants, Menards and John Doe #3, when its employee failed to buckle, fasten, strap, or secure the door onto the lift causing the door to drop onto Plaintiff, Tammy's, head and back.

17.     At all times relevant hereto, Defendants, Menards and John Doe #3, were aware that placing doors onto a motorized lift without properly buckling, fastening, strapping, or securing them to the lift was a safety hazard.

18.     At all times relevant hereto, Defendants, Menards and John Doe #3, owed Plaintiff, Tammy, a duty of ordinary care to provide her with a reasonably safe environment and Defendant, Menards, had a duty to take reasonable precautions to protect Plaintiff, Tammy, from the dangers associated with loading the door into Plaintiff, Tammy's, vehicle.

19.     At all times relevant hereto, Defendants, Menards and John Doe #3, had a duty to provide notice of any concealed dangers of which Defendant knew or should have known and

4

Defendant, Menards, had a duty to properly place the door onto a motorized lift and properly buckle, fasten, strap or secure the door onto the motorized lift when loading the door into customer vehicles.

20.     At all times relevant hereto, Defendants, Menards and John Doe #3, were negligent by failing to adequately warn and instruct Plaintiff, Tammy, that Defendants failed to load, buckle, fasten, strap, or secure the door onto the motorized lift.

21.     At all times relevant hereto, Defendants, Menards and John Doe #3, had a duty to take reasonable precautions to protect Plaintiff, Tammy, from the dangers associated with Defendants failure to load, buckle, fasten, strap, or secure the door onto the motorized lift.

22.     At all times relevant hereto, Defendants, Menards and John Doe #3, owed Plaintiff, Tammy, a duty of ordinary care and Defendants, Menards and John Doe #3, owed Plaintiff, Tammy, a duty of care to provide her with a reasonably safe environment.

23.     At all times relevant hereto, Defendants, Menards and John Doe #3, owed Plaintiff, Tammy, a duty to adequately warn and instruct Plaintiff, Tammy, about the dangers they caused by not buckling, fastening, strapping, or securing the door to the motorized lift.

24.     At all times relevant hereto, Defendants, Menards and John Doe #3, failed to take all reasonable steps to ensure that the door was securely loaded, buckled, fastened, strapped and secured to the motorized lift.

25.     At all times relevant hereto, Defendants, Menards and John Doe #3, failed to exercise ordinary care for their invitee and customer, Plaintiff, Tammy's, safety and protection.

26.     At all times relevant hereto, Defendants, Menards and John Doe #3, failed to warn Plaintiff, Tammy, of all latent or concealed defects or perils which Defendants, Menards and John Doe #3, had or should have had knowledge. Defendants, Menards and John Doe #3, knew

5

or should have known of all of the dangerous conditions and knew or should have known that the door was not properly buckled, fastened, strapped or secured to the motorized lift which directly and proximately caused all of the injuries to Plaintiff, Tammy, as alleged in this Complaint.

27. At all times relevant hereto, Defendants, Menards and John Doe #3, breached its duties and its own policies, guidelines and procedures regarding invitee and customer safety upkeep and general store maintenance and was negligent.

28. As a direct and proximate result of the negligence of Defendants, Menards and John Doe #3, Plaintiff, Tammy, sustained physical injuries, which are permanent and suffered great physical pain and suffering with attendant emotional distress all of which she will continue to experience in the future.

29. As a direct and proximate result of the negligence of Defendants, Menards and John Doe #3, Plaintiff, Tammy, has incurred hospital and medical expenses and out of pocket expenses and will continue to incur hospital and medical expenses and out-of-pocket expenses in the future.

30. As a direct and proximate result of the negligence of Defendants, Menards and John Doe #3, Plaintiff, Tammy, has experienced great physical pain and suffering with attendant emotional distress, all of which she will continue to experience in the future.

31. As a direct and proximate result of the negligence of Defendants, Menards and John Doe #3, Plaintiff, Tammy, has experienced a permanent loss of enjoyment of life, and a permanent loss of ability to perform her usual functions and activities.

## CLAIM III – NEGLIGENCE – DEFENDANTS, JOHN DOES #1 THROUGH #6

32. Plaintiff hereby incorporates each and every allegation contained in paragraphs one (1) through thirty-one (31) of this Complaint as if fully rewritten herein.

6

33.     Plaintiff believes that Defendants, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6, may be legally responsible for the events and occurrences that are described in this Complaint, and that said John Doe Defendants' negligence directly and proximately caused the injuries and damages to Plaintiff, Tammy, as alleged in this Complaint.

34.     Plaintiff believes that Defendants, John Does #1-6 are individuals and agents and owners that may be vicariously liable for the damages proximately resulting from the negligent acts of Defendant, Menards, as alleged in this Complaint.

35.     As a direct and proximate result of the negligence of Defendants, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and/or John Doe #6, Plaintiff, Tammy, has sustained physical injuries which are permanent and suffered great physical pain and suffering with attendant emotional distress, all of which she will continue to experience in the future.

36.     As a direct and proximate result of the negligence of Defendants, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and/or John Doe #6, Plaintiff, Tammy, has incurred hospital and medical expenses and out of pocket expenses and will continue to incur hospital and medical expenses and out-of-pocket expenses in the future.

37.     As a direct and proximate result of the negligence of Defendants, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and/or John Doe #6, Plaintiff, Tammy, has experienced great physical pain and suffering with attendant emotional distress, all of which she will continue to experience in the future.

38.     As a direct and proximate result of the negligence of Defendants, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and/or John Doe #6, Plaintiff, Tammy,

has experienced a permanent loss of enjoyment of life and a permanent loss of ability to perform her usual functions and activities.

## CLAIM IV – WILLFUL AND RECKLESS CONDUCT OF DEFENDANTS – DEFENDANTS, MENARD, INC. AND JOHN DOE #3

39.    Plaintiff hereby incorporates each and every allegation contained in paragraphs one (1) through thirty-eight (38) of this Complaint as if fully rewritten herein.

40.    At all times relevant hereto, Defendants, Menards and John Doe #3, acted with conscious disregard for the rights and safety of their invitees and customers, including Plaintiff, Tammy.

41.    At all times relevant hereto, Defendants, Menards and John Doe #3, acted with conscious disregard for the rights and safety of Plaintiff, Tammy, when Defendant: (1) knew or should have known of its failure to take reasonable safety precautions; (2) failed to provide a reasonably safe environment; (3) failed to properly buckle, fasten, strap, or secure the door to the motorized lift; (4) failed to adequately warn and instruct Plaintiff, Tammy, about the dangers of the unsecured door; (5) failed to provide Plaintiff, Tammy, with a reasonably safe environment; (6) failed to take all reasonable steps to ensure Plaintiff's safety and protection; and (7) failed to warn of all latent or concealed defects or dangerous conditions or perils or safety risks which Defendants, Menards and John Doe #3, had or should have had knowledge.

42.    As a direct and proximate result of Defendants willful and reckless actions, Plaintiff, Tammy seeks an award of punitive damages in the amount of one-hundred thousand dollars ($100,000.00) against all Defendants.

**WHEREFORE**, Plaintiff, Tammy A. Smith, demands judgment against Defendants jointly and severally, or in the alternative, in an amount in excess of twenty-five thousand dollars ($25,000.00), demand an award of punitive damages in the amount of one hundred thousand

8

dollars ($100,000.00), plus interest, pre-judgment interest, costs, attorneys' fees, and any other relief to which Plaintiff may be entitled.

Respectfully submitted,

The Law Office of Tom Somos

Tom Somos                    (0070823)
3055 North High Street, Suite 100
Columbus, Ohio 43202
Telephone:    614-488-2270
Facsimile:    614-488-2271
Email:        tsomos@somoslaw.com
Attorney for Plaintiff, Tammy Smith

## JURY DEMAND

Plaintiff demands that this cause be heard by a jury of eight (8) persons.

Tom Somos                                     (0070823)

9

## IN THE COURT OF COMMON PLEAS FAIRFIELD COUNTY, OHIO

Tammy Smith,                                      :

      Plaintiff,                             :     Case No.: 19CV027

      -vs-                                  :     Judge Trimmer

Menard, Inc., *et al.*                           :

      Defendants.                           :

### DEFENDANT MENARD, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
### (Jury Demand Endorsed Hereon)

Now comes Defendant Menard, Inc., by and through counsel, and for its Answer to Plaintiff's Complaint, set forth as follows:

### FIRST DEFENSE

For its First Defense, Defendant responds to the numbered paragraphs of Plaintiff's Complaint, in like numbered paragraphs, as follows:

1. Deny for want of knowledge.

2. Admit.

3. Admit.

4. Paragraph 4 is a legal conclusion to which no response is required.

5. Deny for want of knowledge.

6. Deny for want of knowledge.

7. Deny for want of knowledge.

8. Deny for want of knowledge.

9. Paragraph 9 does not assert facts and is thus denied.

10. Deny for want of knowledge.

11. Defendant reincorporates paragraph 1-10 as if fully rewritten herein.

12. Deny for want of knowledge.



EXHIBIT
B

13. Deny.

14. Deny.

15. Deny for want of knowledge.

16. Deny for want of knowledge.

17. Deny for want of knowledge.

18. Deny for want of knowledge.

19. Deny for want of knowledge.

20. Deny for want of knowledge.

21. Deny for want of knowledge.

22. Deny – this is not an accurate statement of Ohio law.

23. Deny – this is not an accurate statement of Ohio law.

24. Deny – this is not an accurate statement of Ohio law.

25. Deny.

26. Deny for want of knowledge.

27. Deny for want of knowledge.

28. Deny for want of knowledge.

29. Deny for want of knowledge.

30. Deny for want of knowledge.

31. Deny for want of knowledge.

32. Defendant reincorporates paragraphs 1-31 as if fully rewritten herein.

33. Deny for want of knowledge.

34. Deny for want of knowledge.

35. Deny for want of knowledge.

36. Deny for want of knowledge.

37. Deny for want of knowledge.

38. Deny for want of knowledge.

39. Defendant reincorporates paragraphs 1-38 as if fully rewritten herein.

40. Deny.

41. Deny.

42. Deny.

## SECOND DEFENSE

43. Defendant denies all allegations contained in Plaintiff's Complaint, not expressly admitted in this Answer.

## THIRD DEFENSE

44. Plaintiff may have failed to mitigate his damages.

## FOURTH DEFENSE

45. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Menard, Inc.

## FIFTH DEFENSE

46. Plaintiff may have failed to join necessary and indispensable parties.

## SIXTH DEFENSE

47. Plaintiff's claim for damages may be limited or barred under the due process clauses of the Federal and Ohio Constitutions.

3

## SEVENTH DEFENSE

48. Some or all of the damages alleged in Plaintiff's Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom Defendant is not responsible, including those not presently known to Defendant.

## EIGHTH DEFENSE

49. After the facts of this case are known, following discovery, Plaintiff's damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

## NINTH DEFENSE

50. In the event Defendant is found negligent, such liability denied, it is only liable for its proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq.*

## TENTH DEFENSE

51. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq.*

## ELEVENTH DEFENSE

52. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq.*

## TWELFTH DEFENSE

53. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches or by the applicable statutes of limitations.

**WHEREFORE,** Defendant prays that judgment be entered in their favor upon Plaintiff's Complaint, together with costs and reasonable attorney fees sustained by Defendants.

Respectfully submitted,

Patrick Kasson (0055570)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX: (614) 232-2410
pkasson@reminger.com
*Counsel for Defendant, Menard, Inc.*

## JURY DEMAND

Now comes Defendant and hereby request a jury to hear all of the issues of this case.

Patrick Kasson (0055570)

## CERTIFICATE OF SERVICE

I hereby certify a true and accurate copy of the foregoing document was served via the electronic mail and ordinary mail this 30th day of January 2019, upon all parties of record.

Patrick Kasson (0055570)

5

## IN THE COURT OF COMMON PLEAS OF
## FAIRFIELD COUNTY, OHIO

Tammy Smith,                                    :

      Plaintiff,                            :

            vs.                          :

Menard, Inc. *et al.*,                          :

      Defendants.                          :

Case No. 19CV027

Judge Trimmer

### NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on the 30th day of January 2019, Defendant Menard, Inc.

filed a Notice of Removal, a copy of which is attached hereto, of the above-referenced action from

the Common Pleas Court of Fairfield County, Ohio to the United States District Court for the

Southern District of Ohio, Western Division.

Respectfully submitted,

_____
Patrick Kasson, Esq. (0055570)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX: (614) 232-2410
pkasson@reminger.com
*Counsel for Defendant Menard, Inc.*



EXHIBIT

C

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing document was served via electronic mail and ordinary U.S. Mail this 30th day of January 2019 to all parties of record.

Patrick Kasson, Esq. (0055570)